## BRANCH BANK OF MOBILE v. BROUGHTON,

### SHERIFFF, AND HIS SURETIES.

1. A notice to certain persons, as sureties of a sheriff, is sufficient, without averring that they were in fact the sureties of the sheriff.
2. An allegation in a notice, that the execution was received by the sheriff in sufficient time to return it to the next succeeding term, is sufficient.
3. Upon a motion against a sheriff, for failing to return an execution, it is not necessary to alledge, that it was received by him a sufficient length of time before the return day, to enable him to make the money.

Writ of Error the Circuit Court of Mobile.

MOTION against sheriff and his sureties, for failing to return an execution.

The notice is addressed to Edward T. Broughton, sheriff of Monroe, and John R. Davis, William Robinson, and Samuel Bozman, his securities, for the faithful performance of his duties as said sheriff. It then proceeds to alledge that the Bank at a certain time recovered a judgment, which is described, against certain persons, who are named ; that on the 10th of June, 1839, a *fieri facias* issued on this judgment, returnable to the next term of the circuit court, " which writ was afterwards received by the said Edward T. Broughton, sheriff as aforesaid, in sufficient time to have made his return thereon according to law, to the next succeeding term of the said circuit court." It proceeds to alledge further that the writ was not returned by the sheriff, and gives notice that a motion will be made for judgment.

The defendants demurred to the notice, and the court sustained the demurrer and rendered judgment for the defendants, which is the matter now assigned for error.

LESSESNE, for plaintiff in error, contended, that the notice was sufficient. That as the writ was not returned by the sheriff, the plaintiffs had not the means of stating when it

was received by him, and if a particular day had been alledged, he would not have been compelled to prove it. The notice is addressed to particular persons as the sureties of the sheriff, which is sufficient as a notice to them : upon the trial, if this matter is contested, the plaintiff will have to prove it. He cited Clay's Digest, 205-6, § 21, 22.

Hopkins, contra.

ORMOND, J,—Neither of these objections can prevail. The sureties of the sheriff are informed by the notice, that a motion will be made against them as such, for the omission of the sheriff to return a *fi. fa.* ; the time when the execution issued, and its return day being set forth.   A notice to certain persons, as the sureties of a sheriff, that they will be proceeded against by motion for his default, is the usual and customary form in such cases, and  it never has been considered necessary to  alledge in the  notice by way of  averment, that they were in fact the sureties of the sheriff, when the default took place.   If they do not appear, the plaintiff must establish the fact of their suretyship at the  time  of  the sheriff's default.   If they appear and do not put the fact of their suretyship in issue, it is an admission that they are properly charged as such.   The notice in this case informed them, that they were  sued in that capacity, and by demurring to it they admit the fact to be so.

The averment of the notice, that the *fi. fa.* was received by the sheriff in  sufficient time to return it to the next succeeding term, is in our opinion  sufficient.   If a precise day had been alledged, the plaintiff would not have been required to prove it, but might have shown a reception by the sheriff, at any other day before the return day of the writ.   To hold this averment insufficient, would be to require greater certainty in these notices, than is necessary in a  declaration. There is nothing in the argument, that it should have been averred, that the execution had been received by the sheriff a sufficient length of time before the  return day, to enable him to make the money according to its mandate.   This proceeding is not for a failure to make the money, but for a failure to return the writ.   The object of the plaintiff may

have been to create, or continue a *lien*, and certainly the sheriff cannot frustrate this right by omitting to return the execution, although he may not have received it in time to make the money.

We cannot distinguish this case from Price v. Cloud, 6 Ala. 253, where it was held, that it was not necessary to alledge a demand of the sheriff, on a particular day, but that an allegation, that "he had failed to pay over on demand," was sufficient.

The judgment must be reversed, and the cause remanded.